**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, ) | Case No.: 2:11-cv-00186-GMN-GWF |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| JUDY A. MARTIN, DAVID MARTIN ) | |
| AND RYAN MARTIN, as Co-Guardians ) | |
| of JUDY A. MARTIN and OPAL F. ) | |
| DICK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DISCUSSION**

Before the Court is Plaintiff Pruco Life Insurance Company's Motion to Interplead Funds and Dismiss (ECF No. 21). Defendant Opal F. Dick filed a Response on June 29, 2011 (ECF No. 23) and Defendants Judy A. Martin, David Martin and Ryan Martin as co-guardians of Judy A. Martin (hereinafter "Martin Defendants") filed a Response on June 20, 2009 (ECF No. 25). Pruco filed a Reply on July 6, 2011 (ECF No. 29).

**FACTS AND BACKGROUND**

This case stems from a dispute over the proceeds of Individual Life Insurance Policy Number L047488 (the "Policy") on the life of Claude M. Martin (the "Insured"). The Insured designated his wife, Judy Martin as the sole primary beneficiary to the Policy in September 2002. Then on July 30, 2010 the Insured changed his designation and named Opal Dick as the sole primary beneficiary to the Policy. Another Request to Change Beneficiary form was filed on August 23, 2010 again naming Opal Dick as the beneficiary.

The Insured died on September 19, 2010. Opal Dick made a claim for the death Benefit on October 26, 2010. However, on October 28, 2010 David Martin and Ryan Martin as Co-

Guardians for Judy A. Martin ("Martin Defendants") contested the validity of the July 30, 2010 and August 23, 2010 designations of Opal Dick as sole primary beneficiary of the Policy. The Martin Defendants assert that the Nevada Community Property Law, NRS 123.230, prohibited the Insured from removing his wife, Judy Martin, as the primary beneficiary of the policy and requested that an Interpleader Action be filed to resolve the competing claims.

Pruco commenced the present action on or about February 2, 2011 to interplead the Death Benefit. The Martin Defendants consent for Pruco to interplead the Death Benefit, however Defendant Opal Dick has not consented. Furthermore, Opal Dick has filed a counterclaim against Pruco and a cross claim against the Martin Defendants. (ECF No. 15). Pruco seeks an order: (a) directing it to deposit the Death Benefit, plus claim interest, if any, and less Pruco's attorneys' fees and costs ("Interpleader Funds") with the Court; (b) dismissing Pruco from this action with prejudice; (c) enjoining and restraining the parties from commencing any other actions or proceedings against Pruco seeking payment of the Death Benefit; and (d) granting Pruco its attorneys' fees and costs incurred in connection with this action.

## DISCUSSION

### 1. Interpleader and Motion to Dismiss

Procedurally, an interpleader action encompasses two stages: First the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claims to the fund. In the second stage the court makes a determination of the respective rights of the claimants. *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023-24 (9th Cir. 2010). (citing *Rhoades v. Casey*, 196 F.3d 593 (5th Cir. 1999)). 28 U.S.C. § 1335 allows a stakeholder, "to file an interpleader action to protect itself against the problems posed by multiple claimants to a single fund." *Minnesota Mutual Life Ins. Co.* v. *Ensley,* 174 F.3d 977, 980 (9th Cir. 1999).

28 U.S.C. § 2361 authorizes the issuance of injunctions in the aid of federal interpleader granting a district court the power to "issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action ..." *First Interstate Bank of Or.*, 891 F.Supp. 543, 546 (D. Or. 1995).

Under Local Rule 22-1 "no discharge will be granted and no plaintiff will be dismissed prior to the scheduling conference." Local Rule 22-2 provides:

> In all interpleader actions, the Plaintiff must file a motion requesting that the Court set a scheduling conference. The motion must be filed within thirty (30) days after the first defendant answers or otherwise appears. At the scheduling conference, the Plaintiff will advise the Court as to the status of service on all defendants who have not appeared. In addition, the Court and parties will develop a briefing schedule or discovery plan and scheduling order for resolving the parties' competing claims. If the plaintiff fails to prosecute the interpleader action by failing to file the motion required by this local rule, the Court may dismiss the action.

Although not held until after the Motion to Dismiss was filed, the scheduling conference was held on July 13, 2011. Pruco did not file a motion requesting that the court set a scheduling conference within 30 days for the first answer. The first answer was filed on March 13, 2011 and the request for a scheduling conference was not filed until June 30, 2011. However the parties did submit a Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26, which was assigned and approved by the Magistrate Judge on April 27, 2011. (ECF Nos. 17 &18.)

Defendant Opal Dick objects to Pruco's motion to dismiss based on these procedural shortfalls. The Martin Defendants have no objection to Pruco interpleading the funds and being dismissed. It appears that although the procedural requirements of interpleader actions were not followed properly, since discovery has commenced and the scheduling conference had taken place, there would no longer be any prejudice to Defendant Opal Dick granting the

motion. Pruco also replies that it had produced to opposing counsel on May 16, 2011 all documents maintained in connection with the insured and the Policy. Pruco also maintains that it produced their Rule 26 disclosures and that the discovery schedule has been approved. Finally, Pruco asserts that the documents that Defendant Opal Dick is requesting are related to another Pruco life insurance policy that is not at issue in this action. Therefore they argue that this motion to interplead is not premature and should not be denied on that basis.

There is a single fund, the Policy, at issue in this case. Both Defendants have made claims against the fund. The Court does not see any reason why the motion to interplead the funds should be denied. However, there is an issue as to whether the court can discharge Pruco at this time. "A court should readily discharge a disinterested stakeholder from further liability absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader." *OM Financial Life Ins. Co. v. Helton*, No. CIV. 2:09-1989, 2010 WL 3825655, (E.D. Cal. Sept. 28, 2010) (*citing* 4 James Wm. Moore et al., Moore's Federal Practice § 22.03[2][a] (3d ed.2010); *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 264 (3d Cir.2009) ("The modern approach ... is that, where a claimant brings an independent counterclaim against the stakeholder, the stakeholder is kept in the litigation to defend against the counterclaim, rather than being dismissed after depositing the disputed funds with the court."); *Mendez v. Teachers Ins. & Annuity Ass'n*, 982 F.2d 783, 787 (2d Cir.1992) (holding that discharge under § 2361 requires § 1335 to be met and lack of bad faith in commencing the interpleader action)).

Pruco claims to be a neutral stakeholder who has acted in good faith with respect to claimants, the Martin Defendants and Opal Dick, and has no interest in how this Court ultimately determines their respective rights. Opal Dick argues that Pruco has not acted in good faith in interpleading the funds. Opal Dick asserts that the motion is premature in that no discovery has taken place which is necessary to determine if there is any liability on behalf of

Pruco and that if the motion is granted it would defeat the counterclaim against Pruco without having to comply with Fed. R. Civ. P. 56.

While Pruco does not specifically ask to dismiss the counterclaim against it, however the Court will *sua sponte* review the counterclaim to see if it states a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009). Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

Opal Dick does not allege any specific facts that Pruco acted in bad faith in denying her claim to the life insurance benefit. Furthermore, Pruco has never denied liability. Opal Dick only states in a conclusory fashion that Pruco acted in bad faith. This does not satisfy the pleading requirements as stated in *Iqbal.* Therefore the Court dismisses Opal Dick's counterclaim against Pruco without prejudice and with leave to amend. Opal Dick **shall have until September 8, 2011** to amend her counterclaim to allege specific facts regarding Pruco's bad faith conduct.

/ / /

**2.      Injunctive Relief**

Pruco requests injunctive relief enjoining and restraining the parties from commencing any other actions or proceedings against Pruco seeking payment of the Death Benefit. Pruco argues that it is a neutral stakeholder who has no interest in how the Court determines the Defendants' rights to the insurance proceeds.

28 U.S.C. §2361 authorizes the issuance of injunction in the aid of federal interpleader granting the district court the power to "issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States Court affecting the property, instrument or obligation involved in the interpleader action. . ." It would defeat the purpose of the interpleader action if claimants could bring separate suits in state or federal court for the proceeds of the insurance policy. *See Western Conf. of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858 (N.D. Cal June 6, 2011).

Here, Pruco has acknowledged that it owes the death benefits to either Judy Martin or Opal Dick. An injunction is necessary to avoid repetitive litigation against Pruco, who are disinterested stakeholders. Therefore, Pruco is entitled to injunctive relief enjoining and restraining the parties from commencing any other actions or proceedings against Pruco seeking payment of the Death Benefit.

**3.      Attorney's Fees**

"[C]ourts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir.1984). "[T]he proper rule ... in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir.1962).

Pruco requests $10,193.00 in attorney's fees and costs incurred in interpleading the funds. Pruco attached an itemized account of the fees and costs to date. (*See* Ex. A, ECF No.

29-1.)  However, Pruco's motion does not comply with Local Rule 54-16.  There is no summary of the items listed in subsection b(3).  Also missing is the attorney affidavit authenticating the information contained in the motion and confirming that the bill has been reviewed and edited and that the fees and costs charged are reasonable.  Therefore, the Court denies the motion for attorney's fees without prejudice.  Pruco is ordered to amend its motion for attorney's fees to comply with LR 54-16 for the Court's consideration.

## CONCLUSION

**IT IS HEREBY ORDERED** that Pruco Life Insurance Company's Motion to Interplead Funds and Dismiss (ECF No. 21) is **GRANTED in part** and **DENIED in part**.

**Pruco is ORDERED** to deposit the full amount of the Death Benefit, plus claim interest in the amount of $151,097.58 with the Court's Registry.

**Pruco's Motion to Dismiss is GRANTED** in conformance with this Order.  **Opal Dick's counterclaim is DISMISSED without prejudice**.  Opal Dick **shall have until September 8, 2011** to submit an amended counterclaim.  If the counterclaim is not amended **by September 8, 2011** the motion to dismiss will be granted in full.

**Pruco's Motion for Injunctive Relief is GRANTED**.  The Martin Defendants and Opal Dick are enjoined and restrained from commencing any other actions or proceedings against Pruco seeking payment of the Death Benefit.

Pruco's Motion for Attorney's Fees and Costs are **DENIED without prejudice**.  Pruco **shall have until September 8, 2011 to** amend its motion to comply with Local Rule 54-16.

DATED this 16th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge